IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv586-ID |
| | ) | WO |
| TERRY HALL DAVIS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion to vacate, set aside, or correct sentence under

28 U.S.C. § 2255 filed by federal inmate Terry Hall Davis ("Davis") on June 15, 2005.[1]  By his

motion, Davis challenges the sentence he received in 1995 for his convictions for assault with

intent to commit murder, in violation of 18 U.S.C. § 113(a), and using and carrying a firearm

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  Davis

claims that his sentence violates the holdings of the Supreme Court's recent decisions in *United

States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___,

124 S.Ct. 2531 (2004).  Upon review of Davis's motion, it is clear that he is entitled to no relief

from this court.

**I.  DISCUSSION**

This court's records indicate that Davis has filed a previous 28 U.S.C. § 2255 motion

challenging his convictions and sentence.  The claims presented in Davis's initial § 2255

motion, filed on March 3, 1997 (*see Davis v. United States*, CR. NO. 1:94cr58 - Doc. 115),

---

[1]Although Davis's motion is date stamped "received" on June 20, 2005, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, June 15, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Dockets.Justia.com

were decided adversely to Davis. *Davis v. United States*, CR. NO. 1:94cr58 - Doc. 125 - *Aug. 27, 1997, Recommendation of the Magistrate Judge* (adopted as judgment of the district court by final order of Sep. 12, 1997 - Doc. 127). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Davis has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Davis's present motion, and the motion is due to be summarily dismissed.[2]

---

[2]Davis argues that the decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), should be applied retroactively to his case. However, the Eleventh Circuit Court of Appeals has held that neither *Booker* nor *Blakely* is retroactive to cases on collateral review. *See In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), and *In re Dean*, 375 F.3d

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Davis on June 15, 2005, be denied and this case dismissed, as Davis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 12, 2005.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 27th day of June, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

_____

1287 (11th Cir. 2004).  Thus, in addition to the statutory bar on which this Recommendation is based, Davis cannot prevail on the merits of his substantive claims.

3